UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                Chapter 13
Michael Joseph Stimac and
Linda Marie Stimac,                                  Case No. 06-25377-svk
        Debtors.

In re                                                Chapter 13
Jerry E. Fruik,
        Debtor.                          Case No. 06-24998-svk

MEMORANDUM DECISION ON
TRUSTEE'S OBJECTIONS TO CONFIRMATION

       The chapter 13 trustee filed objections to confirmation of the Chapter 13 plans in these cases which were commenced in 2006 and are governed by the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). The trustee contends that the Stimacs and Mr. Fruik (collectively the "Debtors"), whose income is above the applicable Wisconsin median income, have not devoted all of their projected disposable income to the plans, as required by 11 U.S.C. §§ 1325(b)(1), 1325(b)(2), and 707(b)(2)(A)(ii)(I). Specifically, the trustee alleged that the Debtors have taken (1) an inappropriate telecommunications expense deduction on Line 37 of Form B22C; and (2) an inappropriate expense deduction for taxes on Line 30 of Form B22C. The trustee's objections in both cases were originally heard on February 13, 2007, and adjourned hearings were held March 16, 2007. After hearing argument from both the trustee and the Debtors' counsel, the Court issued an oral ruling on the telecommunications issue and took the tax issue under advisement.

       Form B22C is the form used to record the above-median debtors' reasonably necessary expenses in order to determine how much disposable income the debtor is required to dedicate to the chapter 13 plan. After reviewing the Form B22C, the trustee objected to the Stimacs' Line 37 deduction for their cell phone expenses, since they do not have a home "land line." According to the trustee, basic telephone service is already included on Line 25A in the Local Standards non-mortgage housing and utilities deduction,[1] and the Debtors cannot deduct basic service provided by a cell phone on Line 37 which provides the deduction for "Other Necessary Expenses" telecommunications services. Although the trustee originally objected to the Stimacs' tax expense deduction, that issue has since been resolved.

---

[1] The Internal Revenue Manual supports the trustee's position that the local standard deduction includes basic telephone expenses. *See* I.R.M. § 5.15.1.9, *available online at www.irs.gov/irm/part5/ch15s01.html*.

The trustee raised a similar objection to Mr. Fruik's Line 37 deduction for cell phone expenses. This Debtor has both home land line expenses as well as cell phone expenses. The trustee asserted that the Debtor should not be able to deduct the land line expense as an Other Necessary Expense on Line 37, but rather, that amount is already included in the Local Standards deduction on Line 25A. Further, the trustee objected to the Debtor's Line 30 tax expense deduction which was based on the amount withheld from the Debtor's earnings. The trustee argued that the amount to be included on Line 30 should be based on the amount the Debtor actually paid in taxes for 2005.

With respect to the telecommunications expenses on Line 37, the Debtors responded that they should be able to deduct their cell phone expenses, whether or not they have a home land line, as long as the cell phone is necessary for their health and welfare or employment. On the tax issue, the Debtors suggested that rather than using the actual taxes paid in a prior year, the Debtors should use the tax rate for the tax year in which the petition was filed applied to the income that constitutes their "current monthly income." The Debtors contend that in Mr. Fruik's case, using the trustee's tax deduction formula "punishes" the Debtor because he obtained a higher paying job in 2006 (resulting in more taxes to be paid). If Mr. Fruik is only allowed to deduct the taxes incurred in 2005, he will not have enough cash flow to pay the actual 2006 taxes and the plan payments. The Debtor conceded that using the amount withheld from his paycheck for taxes was not the correct number to use, but suggested that the withholding amount is close to the tax rate multiplied by his current monthly income.[2]

Clearly, basic home telephone service is included in the Line 25A deduction for Local Standards: housing and utilities. The amount to be deducted on Line 25A is a standard amount available to every person who lives in a specific area, regardless whether a particular debtor actually has an expense included in the deduction. *In re Carlton*, _ B.R. _, 2007 Bankr. LEXIS 545 at *22-23 (Bankr. C.D. Ill. Feb. 28, 2007). In addition to this basic service deduction, the disposable income test allows, on Line 37, a deduction for "Other Necessary Expenses: telecommunications services."[3] The Internal Revenue Manual provides that these Other Necessary Expenses "must provide for the health and welfare of the [debtor] and/or his or her family or they must be for the production of income." I.R.M. § 5.15.1.10.1.

---

[2] Both the trustee and the Debtors agree that the calculation is to be performed based on "current monthly income" on Form B22C, rather than the Debtors' income and expenses shown on Schedules I and J.

[3] Form B22C itself instructs a debtor to "[e]nter the average monthly amount that you actually pay for telecommunications services other than your basic home telephone service - such as cell phones, pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.**" (Emphasis in original).

2

Thus, in addition to the "basic home telephone service" included on Line 25A, debtors can take a Line 37 deduction for cell phone bills and other telecommunications expenses necessary for the health and welfare of the debtor (or the debtor's dependents) or for the production of income.  As Line 37 of Form B22C states, a debtor may deduct "the average monthly amount that [he or she] *actually pay*[*s*]" for telecommunications services. (Emphasis supplied).  Accordingly, if the cell phone is necessary for the debtor's health and welfare or production of income, a debtor should not be required to apportion cell phone expenses into Local Standards amounts and Other Necessary Expenses amounts.  And, because a cell phone used partially for work and partially for personal use is not "basic home telephone service," that full amount is not included in the Local Standards and can be deducted on Line 37 if it meets the health and welfare or employment test.  There is apparently no dispute in these cases that the cell phone expenses are necessary for the Debtors' health and welfare or employment.  Therefore, the average monthly cell phone bills may be deducted in their entirety on Line 37 along with the basic Local Standard deduction on Line 25A.  However, Mr. Fruik's land line expense of $40 may not be deducted on Line 37, since this expense for basic service is already deemed included in the Line 25A deduction.

Line 30 permits the debtor to deduct "the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate taxes and sales taxes, such as income taxes, self employment taxes, social security taxes and Medicare taxes."  Given that the debtor's taxes are apt to change from year to year, and that many debtors engage in over-withholding and receive a tax refund, this calculation can be problematic.  As one court has aptly explained:

> In addition, Debtor's receipt of a tax refund in any given year is contingent on a number of factors that may vary from year to year.  For instance, Debtor estimates that her refund in the coming year will be substantially less based upon an early withdrawal from her 401(k) plan.  Debtor's refund could also vary based upon her allowable charitable contributions, changes to her pay, the payment of interest on her variable rate home loan, changes in the tax law, or numerous other events that cannot be completely and accurately predicted on the petition date.  Without Debtor withholding the amount allowed by applicable law, Debtor could be liable for state and federal taxes if one of these variables change, thus jeopardizing Debtor's ability to perform under her proposed Plan.

*In re Raybon*, __ B.R.__, 2007 Bankr. LEXIS 387, *8-9 (Bankr. D.S.C. Jan. 23, 2007)

Several courts have held that simply inserting the amount withheld from a debtor's paycheck, as Mr. Fruik did, is incorrect.  *See, e.g.*, *Baxter v. Johnson (In re Johnson)*, 346 B.R. 256 (Bankr. S.D. Ga. 2006); *In re Balcerowski*, 353 B.R. 581 (Bankr. E.D. Wis. 2006); *In re Lawson*, __ B.R. _, 2007 Bankr. LEXIS 174 (Bankr. D. Utah Jan. 25, 2007).  However, in *Raybon* and *In re LaPlana*, __ B.R. _, 2007 Bankr. LEXIS 329 (Bankr. M.D. Fla. Feb. 9, 2007), the courts allowed the deduction of the amount withheld, but required the debtor to dedicate the tax refunds received during the term of the plan to the payment of unsecured creditors.  In

3

*LaPlana*, the court reasoned: "By requiring the turnover of these future tax refunds to the Chapter 13 Trustee, a court is simply correcting a debtor's error of over-estimating his or her tax liability made when completing the means test. By correcting the error, the amount of the debtor's disposable income automatically increases by the amount of the tax refund the debtor received, which amount rightfully should be paid to the debtor's creditors." *LaPlana*, 2007 Bankr. LEXIS 329, at *20. In this district, prior to BAPCPA (and post-BAPCPA for below-median debtors), 50% of the debtor's federal and state tax refunds have been required to be paid to the trustee for the benefit of unsecured creditors, unless the plan proposes to pay all unsecured claims in full in 3 years or less. Without waiving any argument that they should not be *required* to dedicate tax refunds to the plan, the above-median Debtors here could avoid any argument with the trustee concerning their Line 30 deductions if they used their actual withholding number on Line 30, and then dedicated 50% of their tax refunds to the plan.

If the Debtors are unwilling to dedicate 50% of their tax refunds to the unsecured creditors under the plan, they are not entitled to use the amount of current withholding as their Line 30 deduction, unless that amount translates to the actual amount of taxes that will be incurred. The Debtors have the burden of proving that the amount deducted on Line 30 is actual, necessary and reasonable. *Johnson*, 346 B.R. at 268. The Court notes that if a debtor is required to use the actual taxes paid in the year prior to the petition, as suggested by the trustee, the deduction may have no relation to the debtor's situation at the time of, or six months prior to, filing the petition (e.g., the debtor may have a higher paying job). On the other hand, if a debtor proposes to use the tax rate for that debtor's income bracket, the amount may not account for deductions and exemptions, and would therefore allow the debtor to deduct too much.

To address these problems, the Court holds that the amount to be deducted on Line 30 will be presumed to be the amount of taxes the debtor actually paid, as evidenced by the most recent tax return filed,[4] divided by twelve. However, the debtor may rebut this presumption by showing that the taxes paid in the most recent year would constitute a materially insufficient or inaccurate deduction, due to a change in circumstances (e.g., increase in earnings, fewer deductions). To successfully rebut the presumption the debtor must adequately document these changed circumstances for the benefit of the trustee. The trustee will be entitled to challenge the accuracy or reasonableness of the Debtor's calculations. Although not as simple as using the actual amount withheld and dedicating 50% of the tax refunds to the plan, this methodology allows the debtor and trustee to start with a benchmark number that is readily ascertainable, and, in the (hopefully) minority of cases where changed circumstances render the presumption

---

[4] Depending on when the debtor's petition is filed, the most recent tax return may provide a very accurate picture of the taxes incurred. As noted by the court in *Lawson*: "the Debtors' tax obligations in these particular cases could be stated exactly now that the 2006 calendar year has passed but such precision would obviously be possible for only a subset of all chapter 13 debtors depending on the timing of their bankruptcy filings." *Lawson*, 2007 Bankr. LEXIS 174, at *12 n.13.

4

unreasonable because the debtor's actual tax expenses will be significantly higher, the burden will be on the debtor to justify that a larger deduction is warranted.

In Mr. Fruik's case, the Debtor has represented that the amount of the 2005 taxes paid will be materially different from the taxes he expects to have incurred in 2006. He should provide the trustee with information and documentation demonstrating that a higher amount is appropriately deducted on Line 30 to account for these changed circumstances. If the trustee is still not satisfied that the deduction is reasonable and necessary to account for the taxes actually incurred in 2006, the trustee may renew his objection to confirmation. Alternatively, Mr. Fruik may continue to deduct the amounts actually withheld from his income, and dedicate 50% of the tax refunds for the applicable commitment period to unsecured creditors under the plan.

The foregoing constitutes the Court's findings of fact and conclusions of law. A separate Order will be issued in each of these cases consistent with this Memorandum Decision.

Dated: March 29, 2007

By the Court:

*Susan Kelley*

Susan V. Kelley
U.S. Bankruptcy Judge